UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 14-1826**

-------------------------------------------------------------------X
JERMAINE GORDON,

                    Plaintiff,

    -against-

CITY OF NEW YORK, POLICE OFFICER MICHELLE
FERNANDEZ AND  OFFICERS "JOHN DOES 1-2,"
FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS
AND EMPLOYEES OF THE NEW YORK CITY POLICE
DEPARTMENT, EACH INDIVIDUALLY AND AS
POLICE OFFICERS OF THE NEW YORK
CITY POLICE DEPARTMENT,

                    Defendants.
-------------------------------------------------------------------X

Case No.:

COMPLAINT AND
JURY DEMAND

        Plaintiff, JERMAINE GORDON, by and through his attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

## INTRODUCTION

        1.    This is an action for the wrongful acts of Defendants CITY OF NEW YORK, POLICE OFFICER MICHELLE FERNANDEZ AND POLICE OFFICERS "JOHN DOES 1-2," FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT, EACH INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, in violation of Plaintiff's rights secured by 42 U.S.C. Section 1983 and the constitution and laws of the State of New York and the United States.

        2.    Plaintiff, JERMAINE GORDON, alleges that beginning on or about January 29, 2013, Defendants committed wrongful and illegal acts against Plaintiff, including falsely arresting Plaintiff, wrongly imprisoning Plaintiff, maliciously prosecuting Plaintiff, intentionally

and/or negligently inflicting severe emotional distress, negligence in the hiring and retaining of incompetent and unfit officers, negligence in the training, instruction and supervision of its officers, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3. This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress from the violation of the Plaintiff's Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims and pled herein.

## PARTIES

7. At all times relevant hereto, Plaintiff was and is a domiciliary of the United States residing of Kings County, in the City and State of New York.

8. At all times relevant hereto, Defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

9. OFFICER MICHELLE FERNANDEZ and POLICE OFFICERS "JOHN DOES 1-2," FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF

THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND AS A POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, were at all times relevant to this action, police officers employed by the New York City Police Department, and acting under the color of state law. Upon information and belief, OFFICER MICHELLE FERNANDEZ and POLICE OFFICERS "JOHN DOES 1 and 2," FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND AS A POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT were assigned to the 113th Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. They are being sued in both his individual and official capacities.

10. At all times relevant hereto and in all their actions described herein, Defendants were acting under the color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

11. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants OFFICER MICHELLE FERNANDEZ and POLICE OFFICERS "JOHN DOES 1-2," FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND AS A POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, the unknown police officers whose identity Plaintiff intends to discover.

12. At all times relevant hereto, Defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

13. At all times mentioned herein, the Defendant CITY OF NEW YORK, knew or should have known of the bias, bad judgment, abusive and other unlawful propensities of the officers involved in the violation of civil rights, use of excessive force in effecting arrest, intimidation, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of Plaintiff.

14. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the Plaintiff.

## CONDITIONS PRECEDENT

15. On or about April 19, 2013, Plaintiff's Notice of Claim was duly filed with the Comptroller's Officer of the City of New York; said Notice was filed within ninety days after the causes of the action accrued. More than thirty days have elapsed since the filing of said notice and this matter has not been settled or otherwise disposed of.

16. Plaintiff was served with a Notice for a 50-H hearing on June 17, 2013.

17. On or about September 10, 2013, a 50-H hearing in the matter of the Claim of JERMAINE GORDON against THE CITY OF NEW YORK AND THE NEW YORK POLICE DEPARTMENT was held at the office of Silverman, Shin & Byrne, PLLC, 381 Park Avenue South – Suite 1601, New York, New York 10016.

18. Plaintiff has duly complied with all conditions precedent to the commencement of this cause of action.

## FACTUAL BACKGROUND

19. At all times relevant to this action, Plaintiff JERMAINE GORDON resided at 8103 Glenwood Road, Brooklyn, New York 11236.

20. On or about January 29, 2013 at approximately 10 p.m., Plaintiff was parked in his friend's vehicle between Linden and Sutphin Boulevards near the Port Royal Restaurant.

21. The windows of the vehicle had 75% light transmission as certified and calibrated by a tint-meter.

22. As Plaintiff exited the car, he was approached by Defendant POLICE OFFICERS "JOHN DOES 1 and 2."

23. Defendant POLICE OFFICERS "JOHN DOES 1 and 2" asked Plaintiff for identification.

24. Thereafter, Plaintiff produced his valid Jamaican driver's license, No.: 119518780.

25. POLICE OFFICERS "JOHN DOES 1 and 2" thereafter told Plaintiff to go back into the car.

26. The Officers then returned Plaintiff's valid Jamaican Driver's license.

27. The Officers thereafter told Plaintiff to roll his windows down.

28. Thereafter, POLICE OFFICER MICHELLE FERNANDEZ arrived on the scene and looked at Plaintiff's license with POLICE OFFICERS "JOHN DOES 1 and 2."

29. Plaintiff was then told that he was being arrested for tinted windows and a forged drivers license.

30. Thereafter OFFICER MICHELLE FERNANDEZ and POLICE OFFICERS "JOHN DOES 1 and 2" brought Plaintiff to the 113th precinct where Plaintiff was fingerprinted and photographed.

31. Plaintiff was held over night and charged with Criminal Possession of a Forged Instrument in the Second Degree in violation of Penal Law 170.25, Equipment of Motor Vehicles in violation of Vehicle and Traffic Law 375-12-A (B); and Driving by Unlicensed Operators in violation of Vehicle and Traffic Law 509-1.

32. On or about January 30, 2013, the Plaintiff was arraigned in the Criminal Court of the State of New York, County of Queens.

33. That bail was set at the arraignment in the amount of $5,000.00. That Plaintiff was unable to post bail.

34. The Plaintiff was then taken into the custody of the New York City Department of Corrections.

35. Upon information and belief, the charge of Criminal Possession of a Forged Instrument in the Second Degree was reduced to the charge of Penal Law § 170.20, a misdemeanor.

36. On or about March 19, 2013, the matter was adjourned in contemplation of dismissal.

37. On or about March 27, 2013, the Office of the District Attorney executed a release for the Plaintiff's valid Jamaican Driver's License, No.: 119519780, which was being held by the Property Clerk of the Police Department.

38. As a result of the Defendants conduct, the Plaintiff was imprisoned for approximately 50 days.

39. As a direct and proximate result of the action of the Defendant's NEW YORK POLICE DEPARTMENT, POLICE OFFICER MICHELLE FERNANDEZ and POLICE

OFFICERS "JOHN DOES 1-2," Plaintiff JERMAINE GORDON suffered severe emotional distress and lost wages.

40. As a direct and proximate result of the actions of the Defendant Police Officers, Plaintiff JERMAINE GORDON was falsely arrested without justification for the aforementioned charges, all of which Plaintiff is wholly innocent of, in addition to causing the Plaintiff to be imprisoned for approximately fifty days.

41. Defendant POLICE OFFICER MICHELLE FERNANDEZ and POLICE OFFICERS "JOHN DOES 1-2" acted with malice in arresting Plaintiff JERMAINE GORDON on false charges and causing the Plaintiff to be prosecuted on charges the Defendants know to be false.

42. Defendant POLICE OFFICERS MICHELLE FERNANDEZ and "JOHN DOES 1-2" brought charges against Plaintiff JERMAINE GORDON and purposely misused their Police powers and the courts to arrest, harass, intimidate, imprison and prosecute Plaintiff for criminal charges in an effort to immunize themselves for their unlawful, unconstitutional arrest of Plaintiff.

43. To date, as a direct and proximate result of Defendants actions, Plaintiff JERMAINE GORDON has suffered the loss of his liberty, and continues to suffer physical and emotional pain, permanent damage to his good name, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional

distress, and various other physical and psychological injuries.

44. As a direct and proximate result of Defendants actions, Plaintiff JERMAINE GORDON was arrested and detained for a time amounting to a period lasting approximately fifty days for criminal charges without just cause.

45. As a direct and proximate cause of Defendant's actions, Plaintiff JERMAINE GORDON was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

46. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the Defendant Police Officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the Defendant Officers in this case to engage in the unlawful conduct described above.

47. Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the Defendants in this case, for violations of the constitutional rights of the person within its domain, thereby causing Police Officers, including Defendants in this case, to engage in the unlawful conduct described above.

48. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when

appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from their duties.

49. Defendant CITY NEW YORK, and the New York City Police Department, knew or should have known that prior to January 29, 2013, the perpetration of unlawful arrests, the commission of perjury and other malicious and inappropriate unlawful acts by Defendant officers were occurring, in that it believed that there may have been complaints of such unlawful conduct by these particular officers, but Defendant CITY OF NEW YORK failed to take appropriate steps to eliminate such unlawful acts.

### FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: DEPRIVATION OF LIBERTY BY FALSE ARREST, MALICIOUS PROSECUTION AND FALSE IMPRISONMENT (OFFICER MICHELLE FERNANDEZ and POLICE OFFICERS "JOHN DOES 1 and 2")

50. Plaintiff repeats and realleges the allegations contained in paragraphs 1-49 of this complaint as though fully set forth therein.

51. The actions of Defendants OFFICER MICHELLE FERNANDEZ and POLICE OFFICERS "JOHN DOE 1-2," FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND AS A POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, acting under the color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws of the Constitution of the United States of America and the State

of New York, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, malicious prosecution, false imprisonment and the intentional and/or negligent infliction of emotional distress.

52. By these actions, Defendants deprived Plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

53. As a result of the foregoing, Plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, suffered lost wages, and was otherwise harmed, damaged and injured.

## SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

54. Plaintiff repeats and realleges the allegations contained in paragraphs 1-53 of this complaint and though fully set forth therein.

55. At all times material to this complaint, Defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, has in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of Defendant officers.

56. Upon information and belief, Defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other

employees, including the Defendant Officers, sergeant and employees herein, for their failure to protect citizens from unconstitutional conduct of other detective, sergeants and employees, thereby permitting and allowing the Defendant officers, sergeants and employees herein to be in a position to falsely arrest and maliciously prosecute without cause or justification, that amounted to an abuse of official power causing injury and violating Plaintiff's constitutional rights, and/or permit these actions to take place with their knowledge and/or consent.

57. Upon information and belief, Defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time of selection of detective, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

58. As a result of the foregoing conscious policies, practices, customs and/or usages,

Defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the Plaintiff therein.

59. The acts of Defendant CITY OF NEW YORK as set forth above in paragraphs 1-59 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States and the State of New York; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from unlawful seizure, false arrest and false imprisonment, and the intentional and/or negligent infliction of emotional distress.

60. By these actions, Defendant CITY OF NEW YORK has deprived Plaintiff of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983 and further violated his rights under the New York State Constitution.

61. As a result of the foregoing, Plaintiff sustained great emotional injuries, was subjected to extreme humiliation, and was otherwise harmed, damaged and injured.

THIRD CLAIM: CONSPIRACY TO VIOLATE CIVIL RIGHTS

(All Defendants)

62. Plaintiff repeats and realleges the allegations contained in paragraphs 1-61 of this complaint and though fully set forth therein.

63. Defendants THE CITY OF NEW YORK, OFFICER MICHELLE FERNANDEZ and POLICE OFFICERS "JOHN DOES 1 and 2," FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND AS A POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, under the color of the law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass and intimidate Plaintiff, denying him free exercise and enjoyment of the rights, privileges and equal protection of the law secured to him by the Constitutions of the United States and the State of New York.

64. The aforementioned Defendants, under the color of the law, conspired with each other to undertake a course of conduct to bear false witness and/or to bear false testimony and/or to produce false evidence in an effort, in violation of Plaintiff's constitutional rights including the right to due process, to have Plaintiff maliciously prosecuted for crimes that he did not commit.

FOURTH CLAIM: NEGLIGENCE UNDER THE LAWS OF THE STATE OF NEW YORK
(All Defendants)

65. Plaintiff repeats and realleges the allegations contained in paragraphs 1-64 of this complaint as through fully set forth herein.

66. The injuries incurred by Plaintiff were due to the negligence of the defendants THE CITY OF NEW YORK, OFFICER MICHELLE FERNANDEZ, and POLICE OFFICERS "JOHN DOES 1 and 2," FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND AS A POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT.

54. As a result of the foregoing, Plaintiff sustained great emotional injuries, lost wages, was subjected to extreme humiliation, and was otherwise harmed, damaged and injured.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JERMAINE GORDON requests the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the circumstances.

## PLAINTIFF DEMANDS TRIAL BY JURY

Dated: Brooklyn, New York
      March 20, 2014

                                      ALEXANDER M. DUDELSON, ESQ. (AD4809)
                                      *Attorney for Plaintiff*
                                      26 Court Street - Suite 2306
                                      Brooklyn, New York 11242
                                      (718) 855-5100